UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LISA TURNER,

    Plaintiff,

v.                                                   Case No: 8:16-cv-3180-T-JSS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**ORDER ON DEFENDANT'S UNOPPOSED**
**MOTION FOR ENTRY OF JUDGMENT WITH REMAND**

THIS MATTER is before the Court on Defendant's Unopposed Motion for Entry of Judgment with Remand. (Dkt. 18.) Defendant, the Commissioner of Social Security ("Commissioner") requests, under sentence four of 42 U.S.C. § 405(g), that judgment be entered reversing the decision of the Commissioner and remanding to the Administrative Law Judge ("ALJ") for the ALJ's further evaluation of the Plaintiff's claim as follows:

> Upon remand, the Appeals Council will instruct the Administrative Law Judge (ALJ) to inform the Plaintiff of the consequences of amending her onset date for her claims under both Titles II and XVI; further evaluate if claimant wants to withdraw her request for a hearing on her Title II claim; reconsider her onset date and obtain medical expert evidence if necessary; proceed through the relevant steps of the sequential evaluation process; and take any other action deemed necessary.

(Dkt. 18.) Plaintiff has no objection. (Dkt. 18.)

Pursuant to sentence four of 42 U.S.C. § 405(g), the Court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). When a case is remanded under sentence four of § 405(g), the district court's jurisdiction over the plaintiff's case is terminated. *Jackson v. Chater*, 99 F.3d 1086,

1095 (11th Cir. 1996); *Sullivan v. Finkelstein*, 496 U.S. 617, 625 (1990) (finding that a district court's order remanding under sentence four of § 405(g) "terminated the civil action challenging the Secretary's final determination that respondent was not entitled to benefits"). "Immediate entry of judgment (as opposed to entry of judgment after postremand agency proceedings have been completed and their results filed with the court) is in fact the principal feature that distinguishes a sentence-four remand from a sentence-six remand." *Shalala v. Schaefer*, 509 U.S. 292, 297 (1993).

A remand under sentence four of § 405(g) "is based upon a determination that the Commissioner erred in some respect in reaching the decision to deny benefits." *Jackson*, 99 F.3d at 1095. Here, the Commissioner concedes error by requesting a reversal of the Commissioner's decision. Accordingly, it is

**ORDERED**:

1. The Commissioner's Unopposed Motion for Entry of Judgment with Remand (Dkt. 18) is **GRANTED**.

2. The Commissioner's decision denying Plaintiff's application for disability insurance benefits is **REVERSED**.

3. The case is **REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with the reasons stated in the Commissioner's Unopposed Motion (Dkt. 18).

4. The Clerk of the Court is directed to terminate all other pending motions and close

this case.

      **DONE** and **ORDERED** in Tampa, Florida, on May 1, 2017.

                                          JULIE S. SNEED
                            UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record